1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

PATRICIA ZAMORA,                )   Case No. EDCV 12-443 JC
                                )
            Plaintiff,          )
                                )   MEMORANDUM OPINION
      v.                        )
                                )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security,                       )
                                )
            Defendant.          )
_____ )

18
19

## I.    SUMMARY

20
21
22
23

On April 3, 2012, plaintiff Patricia Zamora ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

24
25
26
27
28

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; April 20, 2012 Case Management Order ¶ 5.

///

1

1   Based on the record as a whole and the applicable law, the decision of the
2   Commissioner is AFFIRMED.  The findings of the Administrative Law Judge
3   ("ALJ") are supported by substantial evidence and are free from material error.[1]
4   **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5       **DECISION**
6       On September 10, 2008, plaintiff filed an application for Disability
7   Insurance Benefits.  (Administrative Record ("AR") 125).  Plaintiff asserted that
8   she became disabled on June 9, 2008, due to carpel tunnel syndrome.  (AR 147).
9   The ALJ examined the medical record and heard testimony from plaintiff (who
10  was represented by counsel) and a vocational expert on October 14, 2010.  (AR
11  34-58).
12      On November 3, 2010, the ALJ determined that plaintiff was not disabled
13  through the date of the decision.  (AR 21-29).  Specifically, the ALJ found:
14  (1) plaintiff suffered from the following severe impairments:  bilateral carpal and
15  cubital tunnel syndrome, degenerative disc disease of the cervical spine, and
16  depression (AR 23); (2) plaintiff's impairments, considered singly or in
17  combination, did not meet or medically equal a listed impairment (AR 23);
18  (3) plaintiff retained the residual functional capacity essentially to perform light
19  work (20 C.F.R. §§ 404.1567(b)) with additional limitations[2] (AR 24); (4) plaintiff
20
21
22  [1]The harmless error rule applies to the review of administrative decisions regarding
23  disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196
    (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
    Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
24  application of harmless error standard in social security cases).

25  [2]The ALJ determined that plaintiff (1) could lift and carry 20 pounds occasionally and 10
26  pounds frequently; (2) could stand/walk six hours in an eight-hour workday; (3) could sit six
    hours in an eight-hour workday; (4) could not do repetitive fine manipulation with the bilateral
27  upper extremities; and (5) had mild limitations in understanding and remembering tasks,
    sustaining concentration and persistence, socially interacting with the general public, and
28  adapting to workplace changes.  (AR 24).

could perform her past relevant work as an eligibility worker (AR 27-28);
(5) alternatively, there are jobs that exist in significant numbers in the national
economy that plaintiff could perform, specifically storage facility clerk, sales
attendant and parking lot attendant (AR 28-29); and (6) plaintiff's allegations
regarding her limitations were not credible to the extent they were inconsistent
with the ALJ's residual functional capacity assessment (AR 27).

The Appeals Council denied plaintiff's application for review.  (AR 6).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is
unable to engage in any substantial gainful activity by reason of a medically
determinable physical or mental impairment which can be expected to result in
death or which has lasted or can be expected to last for a continuous period of at
least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing
42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of
performing the work claimant previously performed and incapable of performing
any other substantial gainful employment that exists in the national economy.
Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.
§ 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step
sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If
so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit
the claimant's ability to work?  If not, the claimant is not
disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of
impairments, meet or equal an impairment listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1?  If so, the claimant is
disabled.  If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to
      perform claimant's past relevant work?  If so, the claimant is
      not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when
      considered with the claimant's age, education, and work
      experience, allow the claimant to adjust to other work that
      exists in significant numbers in the national economy?  If so,
      the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also
Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must
"'consider the record as a whole, weighing both evidence that supports and

4

1 evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2 <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4 or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5 of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6 **IV.   DISCUSSION**

7      Plaintiff contends that the ALJ inadequately evaluated the credibility of her
8 subjective complaints.  (Plaintiff's Motion at 4-15).  As discussed in detail below,
9 plaintiff is not entitled to a reversal or remand on such basis.

10      **A.   Pertinent Law**

11      Questions of credibility and resolutions of conflicts in the testimony are
12 functions solely of the Commissioner.  <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th
13 Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable
14 and is supported by substantial evidence, it is not the court's role to "second-
15 guess" it.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

16      An ALJ is not required to believe every allegation of disabling pain or other
17 non-exertional impairment.  <u>Orn v. Astrue</u>, 495 F.3d 625, 635 (9th Cir. 2007)
18 (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes
19 the existence of a medically determinable impairment that could reasonably give
20 rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as
21 to the credibility of the claimant's statements about the symptoms and their
22 functional effect.  <u>Robbins</u>, 466 F.3d 880 at 883 (citations omitted).  Where the
23 record includes objective medical evidence that the claimant suffers from an
24 impairment that could reasonably produce the symptoms of which the claimant
25 complains, an adverse credibility finding must be based on clear and convincing
26 reasons.  <u>Carmickle v. Commissioner, Social Security Administration</u>, 533 F.3d
27 1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does
28 not apply is when there is affirmative evidence of malingering.  <u>Id.</u>  The ALJ's

credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

### B.   Analysis

First, the ALJ properly discredited plaintiff's subjective complaints of pain as inconsistent with plaintiff's activities. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling pain, plaintiff reported during a consultative psychiatric evaluation on November 6, 2008 that, while limited by her physical problems, she was still able "to go on errands, shop, cook, and dress and bath herself. . . ." (AR 25, 27, 511). Moreover, plaintiff also testified that she worked for several months in 2010 (*i.e.*, from January to March, May to July, and August until the date of the hearing). (AR 43, 47-48). While such evidence does not necessarily show that

1  plaintiff is able to do the same type of work on a full time basis, it does support the

2  ALJ's conclusion that plaintiff's attempts to work and daily activities "show[ed]

3  that [plaintiff] is not as functionally limited as she claims."  (AR  27).

4      Second, the ALJ properly discounted plaintiff's credibility based on

5  plaintiff's unexplained failure to seek treatment consistent with the alleged

6  severity of her subjective complaints.  See Bunnell v. Sullivan, 947 F.2d 341, 346

7  (9th Cir. 1991) (en banc) (In assessing credibility, the ALJ may properly rely on

8  plaintiff's unexplained failure to request treatment consistent with the alleged

9  severity of her symptoms.); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999)

10  (In assessing credibility, ALJ properly considered doctor's failure to prescribe and

11  claimant's failure to request any serious medical treatment for supposedly

12  excruciating pain); see Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (lack

13  of treatment and reliance upon nonprescription pain medication "clear and

14  convincing reasons for partially rejecting [claimant's] pain testimony"); Fair, 885

15  F.2d at 604 (ALJ permissibly considered discrepancies between the claimant's

16  allegations of "persistent and increasingly severe pain" and the nature and extent

17  of treatment obtained).  For example, as the ALJ noted, in 2008 Dr. Khiem D.

18  Dao, an orthopaedic surgeon, recommended that plaintiff undergo left carpal

19  tunnel release surgery; As of the date of the hearing, however, plaintiff had not

20  followed that recommendation.  (AR 25, 27, 49, 612).  The ALJ also noted that

21  plaintiff had not received physical therapy, injections or surgery for her neck, back

22  and shoulder complaints.  (AR 27).  Although plaintiff argues that the medical

23  evidence "document[s] that [she] has undergone aggressive treatment for her

24  impairments," the Court will not second-guess the ALJ's reasonable interpretation

25  that it does not.

26      Finally, the ALJ properly discounted plaintiff's credibility in part because

27  plaintiff's pain allegations were not fully corroborated by the objective medical

28  evidence.  See Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot

7

be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted).  For example, the ALJ noted (and plaintiff points to no evidence to the contrary) that plaintiff's medical records do not contain evidence of disuse muscle atrophy that would be expected given plaintiff's alleged level of inactivity.  (AR 27; <u>see</u>, <u>e.g.</u>, AR 363-64 ("no evidence of localized muscle atrophy of the lower [or upper] extremities" found during 2008 agreed medical examination)); <u>see</u> <u>Meanel</u>, 172 F.3d at 1114 (ALJ properly discredited plaintiff's testimony where there was no evidence of muscular atrophy or other physical sign usually seen in an "inactive, totally incapacitated individual").  As the ALJ also noted, Kaiser Permanente progress notes from 2008-2010 reflect that plaintiff's depression was "well controlled" by psychiatric medication.  (AR 26, 27, 228, 714, 716, 719, 721); <u>cf</u>. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" undermines plaintiff's reports of disabling pain).

Accordingly, a remand or reversal on this basis is not warranted.

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 28, 2012

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE